Opinion delivered April 10, 1889.

---

No. 6290.

STEVE STEVENS *v.* THE STATE.

1. AGGRAVATED ASSAULT AND BATTERY—EVIDENCE.—See the opinion for the substance of evidence *held* insufficient to support a conviction for aggravated assault and battery because insufficient to support the ground of aggravation alleged in either of the counts of the indictment.
2. SAME—DILIGENCE—NEW TRIAL.—The application for continuance shows that the defendant sued out as many as four subpœnas and one attachment for the absent witness, who was a resident of Dallas county, and alleged that by the absent witness he would prove that the alleged injured party was the aggressor, and that he struck said party only in defense. The testimony of the prosecuting witness was not only contradicted as to material matter by the witnesses for the defense, but they testified that the prosecuting witness cursed the defendant, and struck him before defendant struck the prosecuting witness, and that, when the defendant finally struck the two blows inflicted upon the prosecuting witness, he, defendant, was retreating. *Held* that the diligence being sufficient, and the absent testimony being, in view of the proof, both material and probably true, a new trial should have been awarded.

APPEAL from the County Court of Dallas. Tried below before the Hon. E. G. Bower.

This conviction was for an aggravated assault and battery on one G. W. Blasdell, and the penalty assessed was a fine of fifty dollars and sixty days in the county jail.

*J. J. Eckford,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. There were two counts in the information upon which this conviction was had, viz: One for an aggravated assault committed with a deadly weapon, and one for an aggravated assault, by which serious bodily injury was inflicted. In our opinion neither of these counts has been established by the evidence as disclosed in the record before us.

The only evidence as to the character of the weapon used is that "it was a good sized walking-stick, made of Bois d'Arc and loaded." Defendant's witness testified that "the walking-stick was a fair sized walking-stick." There is no evidence that it was a deadly weapon.

As to the injury inflicted, the injured party, Blasdell, testified that when he was struck again over the eyes, this last blow partially stunned him and defendant ran off. The other State's witness says the lick over the eye cut the skin. Another witness saw Blasdell wipe blood from his forehead. This evidence is insufficient to show serious bodily injury.

Under the circumstances developed by the evidence adduced at the trial, we are further of opinion that a new trial should have been awarded on defendant's application for a continuance. We think the application showed sufficient diligence in the first place, and the materiality and probable truth of the proposed testimony in the light of the other testimony is, we think, unquestionable. The judgment is reversed and the cause remanded.

*Reversed and remanded.*